UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| STEPHEN D. PONTIOUS<br><br>Plaintiff,<br><br>-v-<br><br>CONSUMER ADJUSTMENT COMPANY, INC.<br><br>Defendant. | CASE NO.: 2:19-cv-02236<br><br>JUDGE:<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Stephen D. Pontious, for his complaint against Consumer Adjustment Company, Inc. ("Defendant"), states as follows:

NATURE OF THE ACTION

1.   Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as described more fully in this complaint.

JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Central District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Central District of Illinois.

1

PARTIES

4. Plaintiff, Stephen Pontious ("Mr. Pontious"), is a natural adult person residing in Bradley, Illinois which lies within the Central District of Illinois.

5. Mr. Pontious is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Mr. Pontious is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, Consumer Adjustment Company, Inc., is a Missouri corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "person" as defined by § 1692a(6) of the FDCPA.

11. Defendant is a "person" as that term is defined and/or used within the ICFA.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

13. On or around August 6, 2019, Mr. Pontious was checking his credit report and noticed entries bearing Defendant's name that was reporting in a collection status for *UnityPoint Health Proctor Hospital* totaling $1,258.00 that has been delinquent since December 2013 (the "Subject Debt"). Relevant pages from Mr. Pontious' Experian credit report, dated August 6, 2019, are attached to this complaint as Exhibit A.

14. On or around August 6, 2019, Mr. Pontious logged onto Defendant's website (https://www.clientaccessweb.com/CACi/Net/Main/Login/Default.aspx?ReturnUrl=%2fcaci%2fNet%2fMain%2fLogin%2f) to obtain more information about the entries appearing on his credit report and the debt Defendant was attempting to collect from him (the "Portal"). Relevant pages from the Portal, dated August 6, 2019, are attached to this complaint as Exhibit B.

15. On the Portal, Defendant identified itself as a debt collector attempting to collect upon the Subject Debt. *See* Exhibit B.

16. Further, on the Portal, Defendant provided account information, confirming that which was being reported on Mr. Pontious' credit report for a *UnityPoint Health –Proctor Hospital* account for $1,258.77. *See* Exhibit B.

17. While on the Portal, several tabs on the top of the page offered options to explore more details about the Subject Debt: "Welcome," "Account," "Plan Payments," and "Receipt." *Id.*

18. On the "Account" page, Defendant detailed the Subject Debt and had two tabs stating "Explore My Options" or "Update Contact Info." *Id.*

19. Under the Plan tab on the Portal, Defendant offered the following payment plan options: "Pay in Full," "Pay in 2 installments," "make a payment," and "Smart Negotiator." *Id.*

20. The "Smart Negotiator" offers a custom plan where Mr. Pontious could make a settlement offer that Defendant would review "in real time." *Id.*

21. Upon information and belief, the Subject Debt has been delinquent since December 2013. *See* Exhibit A.

22. At no point on the Portal did Defendant reference or provide a disclaimer regarding the age of the debt. *See* Exhibit B.

3

23.     As of August 6, 2019, the date Mr. Pontious accessed the Portal, the Subject Debt was time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

24.     The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS § 5/13-205.

25.     The Portal gave the false impression that Defendant could still sue Mr. Pontious to collect the Subject Debt and failed to disclose that Defendant is legally barred from suing to collect upon the Subject Debt. Further, the Portal pursued payment without disclosing the legal consequences of paying, agreeing to pay or even acknowledging the validity of the debt, *i.e.*, resetting the statute of limitations.

26.     After a reasonable time to conduct discovery, Mr. Pontious believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

27.     Mr. Pontious was misled by Defendant's collections actions.

28.     Mr. Pontious justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him on time-barred debt(s) and ultimately cause him unnecessary economic harm to his credit or otherwise harm him economically.

29.     Mr. Pontious justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempt to collect the Subject Debt from him.

30.     As a result of Defendant's conduct, Mr. Pontious was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

31. As a result of Defendant's conduct, Mr. Pontious is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

GROUNDS FOR RELIEF
COUNT I
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

32. All prior paragraphs are incorporated into this count by reference.

33. The FDCPA states, in relevant part:

    "A debt collector may not use any false, deceptive, or misleading representation or .means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

    "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

34. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f by attempting to collect the Subject Debt, on the Portal, after failing to provide any disclosure of information to Plaintiff regarding the Subject Debt's time-barred status and the potential legal consequences of Plaintiff paying, agreeing to pay, or merely acknowledging the validity of the Subject Debt. As such, Defendant ultimately violated the FDCPA by using false, deceptive and/or misleading representations in connection with the collection of the Subject Debt.

35. At all times relevant to this complaint, Defendant knew that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead of deceive.

36. As an experienced debt collector, Defendant knows that the statement it makes to consumers during its debt collection communications have to be true, complete and accurate, especially when Defendant is attempting to collect upon a time-barred debt. Defendant had an obligation to accurately alert Plaintiff as to his rights with respect to the subject time-barred debt, but avoided this obligation with deceptive and misleading representations and/or omissions.

37. As set forth in paragraphs 27 through 31 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
815 ILCS 505/2

38. Plaintiff repeats and re-alleges paragraphs 1 through 37 as though fully set forth herein.

39. Defendant's collection activity on the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

40. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

> "Any person who suffers actual damages as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

41. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of 815 ILCS 505/2, by failing to provide a disclosure to Plaintiff as to the

6

time-barred status of the Subject Debt, specifically that Defendant could no longer sue Plaintiff to collect and/or the potential resetting of the statute if Plaintiff paid or agreed to pay any portion of the Subject Debt.

42. Defendant intended that Plaintiff rely on its illegal communications in order to obtain immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his rights.

43. As set forth in paragraphs 27 through 31 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

44. Plaintiff is therefore entitled to relief pursuant to 815 ILCS 505/10a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Stephen D. Pontious, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and 815 ILCS 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under 815 ILCS 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 29th day of August, 2019.            Respectfully Submitted,

                                                 */s/ Kristen C. Wasieleski*
                                                 Kristen C. Wasieleski #6303018
                                                 David S. Klain #0066305

CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                       */s/ Kristen C. Wasieleski*
                                       Kristen C. Wasieleski #6303018
                                       CONSUMER LAW PARTNERS, LLC